Joseph L. Richardson (SBN# 212206)
McCune·Wright·Arevalo, LLP
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275
Email: Jlr@mccunewright.com

Attorneys for Plaintiff

**FILED**
Superior Court of California
County of Riverside
9/16/2021
V. Lupercio
Electronically Filed

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| MICHAEL BARBER,<br><br>          Plaintiff,<br><br>v.<br><br>CITY OF RIVERSIDE, RIVERSIDE POLICE DEPARTMENT, and DOES 1 to 25, Inclusive<br><br>          Defendants. | Case No: **CVRI2104246**<br><br>COMPLAINT FOR DAMAGES |

COMES NOW, the Plaintiff, MICHAEL BARBER, and for his causes of action against the Defendants and each of them allege as follows:

1. Plaintiff is unaware of the true names and capacities of each Defendant sued herein as Does 1 through 25, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend the complaint to allege the true names and capacities when they are ascertained. Plaintiff is informed and believes and, on that basis, alleges that each of the fictitiously named Defendants is liable in the manner set forth below for the acts, conduct and/or omissions concerning the events and happenings herein referred to, which proximately caused the damages and injuries to Plaintiff as alleged herein.

-1-

COMPLAINT FOR DAMAGES

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to Article VI, § 10 of the Constitution of the State of California.

2. Venue is proper in the County of Riverside in that PLAINTIFF is a resident of this County, part of the wrongs alleged herein occurred within this County, and DEFENDANTS are located in and/or transact business within this County.

3. Plaintiff has been damaged in an amount in excess of the jurisdictional amount of this Court.

## THE PARTIES

4. Plaintiff, MICHAEL BARBER (sometimes referred to as "Barber" or "Plaintiff"), was and is a resident of the County of Riverside, State California. During the entire period of time at issue in this lawsuit, PLAINTIFF resided in Riverside County, State of California.

5. Defendants, City of Riverside and Riverside Police Department, and DOES 1 to 25, and each of them, and at all times mentioned herein were political subdivisions of the State of California.

6. Defendant, Riverside Police Department, is and at all times mentioned herein was, a law enforcement agency organized and existing under the Municipal Code and Charter of the City of Riverside, and the laws of the State of California.

7. Defendants, Does 1 to 25, Inclusive, were at all times mentioned herein, employed by the City of Riverside, as police officers for Riverside Police Department and were acting within the course and scope of their employment and under color of law.

8. Plaintiff is informed and believes and, on that basis, alleges that at all times and places mentioned herein each Defendant was the agent, representative and/or employee of each of the remaining Defendants, and was acting within the course and scope of said agency, representation and/or employment.

//
//

9. Plaintiff has complied with the California Tort Claims Act, California Government Code Sections 910 et seq. The claim was served on July 1, 2021, and rejected on August 13, 2021.

10. The events giving rise to this complaint occurred in the City of Riverside, County of Riverside, State of California.

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. Plaintiff is a young African American entrepreneur who has been and is being harassed and singled out by Riverside Police Officers. Specifically, Plaintiff was subjected to a racially discriminatory traffic stop when he was pulled over without cause and cited on or about March 22, 2021. More, on another occasion just days before the aforementioned occasion, Plaintiff was stopped in Hemet, California. Further, Plaintiff's sister was pulled over in Plaintiff's vehicle, and Riverside Police Officers in doing so made specific inquiries as to Plaintiff's location. More, Riverside Police Officers have been photographed parked and/or driving around Plaintiff's home which is located in Moreno Valley. As to the last two stops, Plaintiff alleges, upon information and belief, that the stops are either not within Defendants' jurisdiction, and/or these contacts were simply for the purposes of harassment and did not relate at all to the Defendants' primary duty of public safety. More, to add to their ongoing and constant discriminatory harassment and racial profiling, Plaintiff's hearing on his criminal citation was intentionally set on his birthday to further harass and intimidate Plaintiff.

### FIRST CAUSE OF ACTION
#### (General Negligence)

12. Despite their duty to protect and serve and ensure public safety, the law enforcement officers from the Riverside Police Department singled out and pulled over Plaintiff without cause. Said law enforcement officers then confronted Plaintiff and without provocation or justification, intimidated, harassed and verbally assaulted Plaintiff. In doing so, they breached their duty to Plaintiff.

13. Defendants, and each of them, negligently, carelessly, inappropriately, recklessly and without cause used hostile and discriminatory harassment toward Plaintiff.

//

//

14. As a direct and proximate result of the aforesaid conduct of Defendants, and each of them, Plaintiff Michael Barber, is fearful to drive and has suffered anxiety, shock, anguish and severe emotional distress, as herein alleged.

15. As a further direct and proximate result of the aforesaid conduct of Defendants, and each of them, Plaintiff has incurred medical and related expenses, all to his monetary damage, including but not limited to medical and related expenses.

16. As a further direct and proximate result of the aforesaid conduct and carelessness of Defendants, and each of them, Plaintiff has necessarily suffered loss of earnings and income, and earning capacity, and will continue to suffer such loss of earnings and earning capacity in the future, all to Plaintiff's' further special damage in an amount presently unascertained, and Plaintiff prays leave of Court that when said amount is ascertained, he may be permitted to amend this pleading to set forth the full amount thereof with appropriate allegations.

## SECOND CAUSE OF ACTION

### (Violation of 42 U.S.C. §1983)

### [Deprivation of Due Process Rights Under 14th Amendment]

17. Plaintiff realleges and incorporates by reference all paragraphs of the First Cause of Action as though fully set forth herein.

18. At all times mentioned herein, Defendants and each of them, separately and in concert, acted under color of law, to wit, under the statutes, of the State of California and the ordinances, regulations, customs, orders, protocol, manuals, directives and practices of the City of Riverside and the Riverside Police Department. Each of the Defendants, separately and in concert, acted outside of the scope of his or her jurisdiction and without authorization of law, willfully and knowingly, to deprive Plaintiff, Michael Barber of his right to freedom from cruel and unusual punishment and from state-occasioned harm, injury, and damage to bodily integrity.

19. The conduct of Defendants and each of them, was in wanton, reckless, willful and malicious disregard for the safety of Plaintiff, Michael Barber.

20. As a direct and proximate result of the Defendants' acts and/or omissions in depriving Plaintiff, Michael Barber of his rights, privileges and immunities secured to him by the laws of this state

-4-

and nation, Plaintiff was subjected to hostile discriminatory harassment and has incurred the damages as described herein.

21. Plaintiff alleges that Defendants' policies and practices with respect to discriminatory and harassing conduct reflect a deliberate indifference to the safety of citizens of the City of Riverside, and of criminal suspects, and are so callous and malicious as to show an intent to inflict unnecessary intimidation, humiliation and fear on people, including those they purport criminal suspects.

22. Plaintiff is informed and believes and thereon alleges that Defendants and each of them, are responsible for implementing, maintaining, sanctioning and/or condoning a policy, custom or practice under which the Defendants and/or their agents and/or employees committed the aforementioned illegal or wrongful acts. Plaintiff is informed and believes that the conduct of the officers who intimidated and harassed Plaintiff, was consistent with the training and the policy set forth by Defendants, City of Riverside, Riverside Police Department, and Does 1 through 25, inclusive, regarding discrimination and discriminatory harassment, and that the use of intimidation and discriminatory harassment is ratified by said Defendants.

23. Defendants, and each of them, are liable for the injuries and damages alleged herein because they knew or should have known of the customs, practices, policies and acts of the officers who caused the injuries to Plaintiff and authorized and acquiesced in the customs, practices, policies and commissions of such acts. Defendants knew or should have known that acts and/or omissions similar to those complained of were likely to occur and that such persons committing such acts and/or omissions had a propensity and a character to commit such acts and/or similar acts.

24. Defendants are responsible for implementing, maintaining, sanctioning and/or condoning a policy, custom or practice under which the officers and other Defendants committed the aforementioned illegal or wrongful acts. Defendants, and each of them, maintained or permitted an official policy or custom of knowingly permitting the occurrence of the type of wrongs set forth above and, based upon the principles set forth in <u>Monell v. Department of Social Services of City of New York</u> (1978) 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed2d 611, are liable for all injuries sustained by Plaintiff as set forth herein.

-5-
COMPLAINT FOR DAMAGES

25. The above described policies and customs demonstrate a deliberate indifference on the part of policymakers of the City of Riverside, and the Riverside Police Department to the constitutional rights of persons within the city and were the cause of the violations of plaintiff's rights alleged herein.

### THIRD CAUSE OF ACTION

### (Violation of 42 U.S.C.§1983)

### [Failure to Properly Select, Train, Supervise and Discipline Employees]

26. Plaintiff realleges and incorporates by reference all paragraphs of the First and Second Causes of Action, as though fully set forth herein.

27. At all times mentioned herein, Defendants, City of Riverside, through the Riverside Police Department and Does 1 through 25, inclusive, and each of them, were charged with the selection, assignment, discipline, and discharge of officers and employees of said department. At all times material herein, Defendants, DOES 1 through 25, inclusive, had the power and authority to discharge and reassign sworn personnel of the Riverside Police Department who were, or were believed to be, emotionally unstable, untrustworthy, and/or prone to the use of unreasonable or excessive force, or who otherwise exhibited tendencies, traits of character, behavior, habits, conduct and/or attitudes which rendered such sworn personnel unfit or undesirable for the positions of law enforcement officers assigned to patrol duties involving the apprehension and arrest of criminal suspects.

28. Plaintiff alleges that on two occasions, including but not limited to March 22, 2021, the Defendants, and each of them, did nothing to ensure that police officers hired by the City of Riverside were screened to eliminate those officers who were inclined to use excessive force against citizens and people they purported to be criminal suspects. Because of this, plaintiff alleges that Defendants, DOES 1 to 25, who were hired tended to be more wanton and reckless with regard to the safety of citizens and criminal suspects than those in other police department in the State of California generally.

29. Plaintiff alleges that on two occasions, including but not limited to March 22, 2021, and for some time prior thereto, Defendants and each of them, knew, or in the exercise of reasonable care should have known, that Defendants, and Does 1 to 25, inclusive, had a tendency to use unreasonable and/or excessive force resulting in unwarranted harm to people, including those they purported to be

COMPLAINT FOR DAMAGES

criminal suspects. At all times mentioned herein, Defendants, and each of them, knew or in the exercise of reasonable care should have known that such tendencies were likely to cause unwarranted injury to criminal suspects.

30. Plaintiff alleges that on two occasions, including but not limited to March 22, 2021, and for some time prior thereto, Defendants, and each of them, promulgated vague and contradictory written policies and procedures that failed to provide officers with meaningful guidance with respect to the use of force and the use of deadly force and racial profiling. The lack of guidance has resulted in indiscriminate actions by police officers of the Riverside Police Department and resulted in the wrongful discrimination and harassment to Plaintiff, Michael Barber.

31. Defendants have failed to implement policies and procedures for the meaningful reporting, monitoring, investigation and disciplining of those police officers involved in misconduct.

32. The direct and immediate result of the systemic failure to properly select, train, supervise, investigate and discipline officers resulted in a pattern of racial profiling.

33. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff, Michael Barber was singled due to his race (African American), and financial status and subjected to intimidation, discriminatory harassment by officers from the Riverside Police Department. Furthermore, by reason of the aforementioned acts and omissions, Plaintiff, Michael Barber was deprived of his civil and constitutional rights by defendants, thereby injuring Plaintiff as more fully described herein.

## FOURTH CAUSE OF ACTION

### (Violation of California Civil Code §52.1)

### [Deprivation of Individual Rights Secured by the Constitution of the United States and the State of California]

### (Against All Defendants)

34. Plaintiff realleges and incorporates by reference all paragraphs of the First, Second, and Third Causes of Action as though fully set forth herein.

35. At all times mentioned herein, Defendants and each of them, separately and in concert, acted under color of law, to wit, under the statutes, of the State of California and the ordinances,

regulations, customs, orders, protocol, manuals, directives and practices of the City of Riverside and the Riverside Police Department. Each of the Defendants, separately and in concert, acted outside of the scope of his or her jurisdiction and without authorization of law, willfully and knowingly, to deprive Plaintiff, Michael Barber of his right to freedom from cruel and unusual punishment and from state-occasioned harm, injury, and damage to emotional integrity.

36. As a further, direct, and proximate result of the aforementioned conduct of Defendants and each of them, Plaintiff has suffered general and special damages in an amount according to proof at trial.

37. Pursuant to the provisions of California Civil Code §52, Plaintiff is entitled to and demands an award of three times the amount of actual damage suffered by Plaintiff, to be determined according to proof at trial, and such attorney's fees as may be determined by the court in addition thereto.

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (Against All Defendants)

38. Plaintiff incorporates and re-alleges each allegation set forth above as if fully set forth herein.

39. On two occasions, including but not limited to March 22, 2021, Defendants subjected Plaintiff to racial profiling, discrimination, harassment, and/or discriminatory and retaliatory policies, based upon his race/ethnicity.

40. Defendants wrongfully and unlawfully, intentionally intimidated and harassed Plaintiff, Michael Barber, by singling out Plaintiff due to his race by pulling Plaintiff over, without cause and subjecting plaintiff to intimidation, hostile and discriminatory harassment.

41. By reason of this racial profiling and the acts and conduct of Defendants as aforementioned, Plaintiff was placed in great fear for his life and physical well-being.

42. Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that the conduct in question was directed to Plaintiff and was consistent in nature.

43. Plaintiff suffered severe emotional distress; specifically, this extreme and outrageous conduct caused emotional distress, humiliation, and degradation to Plaintiff. Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

44. The aforementioned conduct constitutes fraud, malice, or oppression, thereby entitling Plaintiff to punitive damages. Plaintiff is informed and believes and thereon alleges that such conduct was taken by police officers of the City of Riverside Police Department who authorized, ratified, or approved such conduct.

45. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at trial, and seek all monetary damage, including but not limited to medical and related expenses, interest, penalties, attorneys' fees and expenses and costs of suit.

WHEREFORE, Plaintiff seeks damages as follows:

### AS TO ALL CAUSES OF ACTION

1. General damages – in an amount to be proven at trial and above the jurisdictional minimums of this court;
2. Special damages – in an amount to be proven at trial;
3. Punitive damages – against individual Defendants, in an amount to be proven at trial; and
4. Attorney's fees and costs of suit incurred herein and for such other and further relief as the court deems just and proper.

Dated: September 16, 2021

McCune-Wright-Arevalo, LLP

By: _____
Joseph L. Richardson
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES